IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE FARM FIRE AND
CASUALTY COMPANY

       Plaintiff,

                                                                     Case No. 10-336 BB/LFG

       v.

DUNN-EDWARDS CORPORATION,
JERRY A. SMITH, AND
AFFILIATED FM INSURANCE COMPANY,

       Defendants.

## MEMORANDUM OPINION

This matter comes before the Court on Plaintiff State Farm's motion to remand (Doc. 16). The motion will be granted.

### Factual and Procedural Background

Plaintiff State Farm brought suit in state court in July 2009 alleging liability for damages that its insured suffered from a fire purportedly caused by Defendants Dunn-Edwards and Smith. Though three Defendants were named, only two were served prior to removal: Dunn-Edwards on March 11, 2010 and Affiliated on March 23.

On April 9, Affiliated filed a notice of removal (Doc. 1) alleging diversity jurisdiction under 28 U.S.C. § 1332. Though the notice recognized Dunn-Edwards as a named, served defendant, it gave no indication that Dunn-Edwards consented to the removal. Dunn-Edwards

took no part in the removal itself, but much later filed a consent to proceed before the Magistrate (Doc. 7).

On April 23, State Farm moved for remand based, *inter alia*, on Defendants' failure to comply with the unanimity rule, which requires all served defendants to give timely consent to removal. That motion is now before the Court.

Affiliated opposes remand (Doc. 20) and argues that Dunn-Edwards communicated its consent to Affiliated during a private telephone conversation in April. In support, Affiliated offers an affidavit from Dunn-Edwards' counsel stating that she did, in fact, consent to removal during their telephone conversation. Affiliated also points to Dunn-Edwards' willingness to proceed before the Magistrate, contending that it sufficiently evinced Dunn-Edwards' consent to federal jurisdiction. Based on these arguments, Affiliated seeks to cure what it terms the "technical deficiencies" of its removal through amendment.

## Issue

The outcome of State Farm's motion turns on the unanimity rule. Simply stated, the unanimity rule requires all served defendants to assure the court—generally by joining in the removal itself, filing their own notice of removal, or filing a notice of consent—that they consent to removal.[1] Derived from removal procedure set forth in 28 U.S.C. § 1446, a defendant's consent must be filed with the court within 1446(b)'s thirty-day removal period.[2]

---

[1] *See Cornwall v. Robinson*, 654 F.2d 685, 686 (10th Cir. 1981); *Vasquez v. Americano U.S.A., LLC*, 536 F.Supp.2d 1253, 1257 (D.N.M. 2008).

[2] *See, e.g., Vasquez,* 536 F.Supp.2d at 1258 (citing *McShares, Inc. v. Barry*, 979 F.Supp. 1338, 1342 (D.Kan. 1997)).

**Discussion**

The need for timely consent is easy to understand: A valid removal requires the consent of all served defendants.[3] If a served defendant withholds consent, the removal is procedurally deficient and the parties have thirty days to seek remand.[4] If the parties do not seek remand within thirty days, the procedural deficiency is waived.[5] Thus, in order to make informed, timely decisions about remand, parties must be able to tell whether all of the served defendants consented during the thirty-day removal period.

To preserve the removed-parties' rights, most courts require defendants to indicate their consent in a written filing.[6] Such filings bind defendants to their choice and, through CM/ECF, give all parties notice that consent has been received. Requiring written notice does not burden defendants because compliance requires very little effort or expense: signing the notice of removal, filing their own notice of removal, or filing a one-page notice of consent is sufficient.[7] Courts—including, at times, this Court—have occasionally relaxed this rule by, *inter alia*,

---

[3] *Id.* at 1257-58.

[4] *Id.*; 28 U.S.C. § 1447(c) (setting forth thirty-day window in which to raise procedural defects).

[5] 28 U.S.C. § 1447(c); *Huffman v. Saul Holdings Ltd. P'ship,* 194 F.3d 1072, 1076 (10th Cir. 1999) (recognizing that a procedural defect may be waived).

[6] *See McEntire v. Kmart Corp.*, 2010 WL 553443, *4 (D.N.M. 02/09/10) (collecting cases); *see generally* Moore's Federal Practice § 107.11[1][c] (3d ed. 2010).

[7] This Court is not alone in so finding. *Id.*; *see also, e.g, Jarvis v. FHP of Utah, Inc.*, 874 F.Supp. 1253, 1254 (D. Utah 1995) ("There is nothing unfair about requiring each defendant to either sign the notice of removal, file its own notice of removal, or file a written consent or written joinder to the original notice of removal.").

allowing a defendant to attest to the consent of its co-defendants.[8]  Other courts have been even more lenient.[9]

Though leniency is understandable, it has not been beneficial in this area.  At present, parties before one judge may find that strict compliance is required, while litigants before another—even in the same district—may find that it is not.[10]  They are thus left to guess at the

---

[8] *See, e.g., Roybal v. City of Albuquerque*, 2008 WL 5991063, at *7-8 (D.N.M 09/24/08) (finding attestation sufficient)*; Jasper v. Wal-Mart Stores, Inc.*, 732 F.Supp. 104, 105 (M.D. Fla. 1990) ("Additionally all defendants, served at the time of filing the petition, must join in the removal petition; the petition must be signed by all defendants or the signer must allege consent of all defendants.").

[9] *See, e.g., Roberts v. Glens Falls Ins. Co.*, 415 F.Supp.2d 779, 780 (N.D. Ohio 2006); (allowing curative amendment to notice of removal in light of a co-defendant's untimely consent); *Hernandez v. Six Flags Magic Mountain, Inc.*, 688 F. Supp. 560, 562 (C.D. Cal. 1988) (holding that an answer that is silent on removal can establish consent); *Save-A-Life Found., Inc. v Heimlich,* 601 F.Supp.2d 1005, 1007 (2009 N.D. Ill.) (allowing defendant's signature to be added to amended consent to removal even though the thirty-day period for filing consent had passed).

[10]  *Compare, e.g., Vasquez*, 536 F.Supp.2d at 1259 (recounting the law in the District of New Mexico as being that "[d]efendants who do not sign the actual notice of removal must file an independent and unambiguous notice of consent to join in the removal.") *to McEntire*, 2010 WL 553443, *6 (stating that the District of New Mexico has not clearly adopted the strict requirement that defendants who do not sign the actual notice of removal must file an independent and unambiguous notice of consent); *compare also Gonzales v. Goodyear Tire and Rubber Co.*, 05-CV-941 (D.N.M. 05/25/06) (finding, under the facts of case, one defendant's averment of a co-defendant's consent sufficient) *to Padilla v. David Selected Advisors, L.P.*, 98-CV-00186 (D.N.M. 05/08/98) ("It is simply not enough that the removing party represents that the other defendants consent or do not object to the removal . . . . [O]ne defendant's attempt to speak on behalf of another defendant will not suffice."); *see also, e.g., Brady v. Lovelace Health Plan*, 504 F.Supp.2d 1170, 1137 (D.N.M. 2007) ("The notice of removal in this case is silent as to whether [a served co-defendant] consented to removal, nor does it give any explanation as to the absence and non-joinder of [that co-defendant]. The notice is therefore defective on its face, and the case must be remanded."); *Wiatt v. State Farm Ins. Co.*, 560 F.Supp.2d 1068, 1076 (D.N.M. 2007) ("[The unanimity rule] requires that there be some timely written indication from each served defendant ... that the defendant has actually consented to removal.") (quoting Moore's Federal Practice, § 107.11 [1][c] (3rd ed. 2006)).

scope of the unanimity rule's mandate on the front end, and pay for motions exploring the rule's contours on the back end.  Under the current ambiguity, whether a case remains in federal court may hinge on something as random as the judge to whom has been assigned.

It need not be so confusing.  Our jurisprudence has long held that the procedural requirements for removal are to be "strictly enforced" and that "all doubts are to be resolved against removal."[11]  Thus, courts must require removing parties to show that removal was properly accomplished.[12]  "There is a presumption against removal jurisdiction."[13]  By equivocating on unanimity, courts ignore this presumption and inject uncertainty into an otherwise clear rule.  By doing so they impose needless costs on the parties and endanger the credibility of the courts.  Rather than simply review the notice of removal and docket for each defendant's explicit consent, removed plaintiffs must parse each line of each filing—and perhaps of each hearing before the court[14]—with an eye to both the ever-shifting jurisprudence of what constitutes sufficient consent and the judge to whom the case has been assigned.

Our jurisprudence supports an almost foolproof directive, which follows the clear language of the rule and should satisfy every judge:  If you represent a served, properly joined defendant who consents to a co-defendant's removal, you must sign the notice of removal on behalf of your client, file your own notice of removal, or file a notice of consent to removal

---

[11] *Vasquez,* 536 F.Supp.2d at 1275.

[12] *Id.*; *see also Martin v. Franklin Capital Corp.,* 251 F.3d 1284, 1290 (10th Cir. 2001).

[13] *Laughlin v. Kmart Corp.,* 50 F.3d 871, 973 (10th Cir. 1995).

[14] *See, e.g., Colin K. v. Schmidt*, 528 F.Supp. 355, 358 (D.R.I. 1981) (finding oral consent to removal sufficient); *Clyde v. Nat'l Data Corp.*, 609 F.Supp. 216, 218 (N.D. Ga. 1985) (finding that consent may be expressed to court by oral consent).

within the thirty-day removal period.  Do not rely on phone calls or emails or handshakes.  Do not rely on a co-defendant's counsel to say something on your client's behalf.  File something with the Court.  Anything less may be insufficient.

Indeed, the majority of circuit courts require written, timely consent from each defendant.[15]  In so doing, these courts reject the notion that an attorney may offer consent for anyone beyond her own client(s).[16]  There is no reason why an attorney cannot be called upon to speak on her client's behalf.  Nor does some courts' reliance on Rule 11 to ensure that one attorney does not falsely aver a non-client's consent seem well-advised.[17]  While no one doubts the veracity of the attorneys appearing in federal court, these courts rightly avoid the morass of ambiguities, disparate memories, and misapprehensions that often accompany attorneys' verbal agreements with one another.  Nor are the consequences draconian.  No one is arguing that the state court initially selected by the Plaintiff cannot competently and impartially adjudicate the controversy.

Unfortunately—because the Tenth Circuit has yet to weigh-in on this issue—there is little that can be done to alleviate this District's inconsistency.  Though some judges may require less, counsel before this Court should do the *de minimis* work involved in following the majority rule.  Litigants who fail to do so needlessly risk remand.

---

[15] *See Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 n. 11 (5th Cir. 1988); *Roe v. O'Donohue,* 38 F.3d 298, 301 (7th Cir. 1994); *Pritchett v. Cottrell, Inc.,* 512 F.3d 1057, 1062 (8th Cir. 2008).

[16] *But see Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 201-02 (6th Cir. 2004) (allowing an attorney to attest to non-clients' consent); *Proctor v. Vishay Intertechnology, Inc.,* 584 F.3d 1208, 1224-25 (9th Cir. 2009) (adopting Sixth Circuit rule).

[17] *See, e.g., id.*

Such is the case here. Dunn-Edwards did not file anything with the Court and, as a result, failed to give the Court or State Farm notice of its consent during the thirty-day removal period. Affiliated seeks to cure this deficiency by pointing to a private phone conversation on April 1 in which Dunn-Edwards' counsel told Affiliated's counsel that Dunn-Edwards consented to removal. In support, Dunn-Edward's counsel offers a sworn affidavit showing that she did, in fact, tell Affiliated that Dunn-Edwards would consent. Received the day after State Farm's deadline for seeking remand based on procedural defects, the affidavit was the first public indication that Dunn-Edwards had consented to removal.

Rather than explain their failure to file timely consent, Defendants seek to cure the "formalistic technical defect" in their removal by amending their notice. For support, Affiliated relies on *McEntire v. Kmart Corporation* in which this Court found that removing parties should be allowed to correct "simple errors in its jurisdictional allegations" such as "[a failure] to identify a corporation's principal place of business or referring to an individual's state of residence rather than citizenship," lest it exalt form over substance and descend into "legal flaw-picking."[18] But the Defendants' reliance on *McEntire* is misplaced, as neither *McEntire* nor the cases relied on therein involve a defendant's failure to obtain unanimity. Moreover, this Court does not believe that requiring adherence to the basic mandate of the unanimity rule constitutes "legal flaw-picking." This is not a case where the form of a defendants' timely consent to removal is in question. Nor is it one where there is concern about the efficacy of a co-defendant's averment of consent. Dunn-Edwards never filed a notice of removal or notice of

---

[18] *McEntire*, 2010 WL 553443, *9.

consent and Affiliated's notice of removal failed to allege its co-defendants' consent. The only timely indication of consent was apparently made during a private phone conversation between counsel for the co-defendants.[19] But the fact that Affiliated knew of Dunn-Edwards' consent at the time of removal is of little value.[20] Dunn-Edwards needed to inform the Court—and State Farm–-that Dunn-Edwards consented so that State Farm could have been spared the expense of filing a motion to remand based on the absence of consent. As courts have repeatedly recognized, the failure to do so renders the removal deficient.[21]

---

[19] This Court does not consider Dunn-Edwards' willingness to proceed before a magistrate and filing of a corporate disclosure statement to be unambiguous indications of its consent to removal. *See generally, e.g., Henderson v. Holmes,* 920 F.Supp. 1184, 1187 (D. Kan. 1996) ("[A] party's filing of an answer does not satisfy the unambiguous expression of consent required for proper removal."); *Hicks v. Emery Worldwide, Inc.,* 254 F. Supp. 2d 968, 974-975 (S.D. Ohio 2003) (noting that consent to removal must be clear and unambiguous and finding that "passive acquiescence is not sufficient."); *Production Stamping Corp. v. Maryland Cas. Co.,* 829 F.Supp. 1074 (E.D. Wis. 1993) (finding that the filing of an answer is ambiguous and holding that it does not constitute a sufficient expression of consent to removal.).

[20] The Court hastens to note that Affiliated's removal would also have been found deficient under the minority rule.

[21] *See, e.g., Michaels v. State of New Jersey,* 955 F.Supp. 315, 320-21 (D.N.J. 1996) ("Most courts, however, have held that it is not enough for defendants who have not signed the removal petition to merely advise the removing defendant that they consent thereto, or for a removing defendant to represent such consent to the court on behalf of the other defendants. Rather, most courts require all defendants to voice their consent directly to the court.") (citations omitted); *Martin Oil Co. v. Philadelphia Life Insurance Co.*, 827 F.Supp. 1236, 1239 (N.D. W.Va. 1993); *Fellhauer v. City of Geneva*, 673 F.Supp. 1445, 1447-48 (N.D. Ill. 1987) (requiring all defendants to "communicate their consent to the court—not to one another"); *Mason v. International Business Machines, Inc.*, 543 F.Supp. 444, 445 (M.D. N.C.1982) (same); *Clyde v. National Data Corp.*, 609 F.Supp. 216 (N.D. Ga.1985) (same); *Goldman v. Sears, Roebuck and Co.*, 588 F.Supp. 121, 124 (E.D. Mich.1984) (same).

## Conclusion

Dunn-Edwards failed to give timely notice of their consent to removal. Because of their failure, Affiliated's notice of removal is procedurally defective and the case must be remanded.

*[signature: Bruce D. Black]*

BRUCE D. BLACK
UNITED STATES DISTRICT JUDGE